# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
|  | * |
| **JOHN W. PUCCI, SR.,** *et ux.*, | * |
|     **Plaintiffs** | * |
|     **v.** | *        **CIVIL NO. JKB-10-2968** |
| **ANNAPOLIS SAILYARD, INC.,** | * |
|     **Defendant** | * |

   *     *     *     *     *     *     *     *     *     *     *     *

## <u>MEMORANDUM</u>

Pending before the Court is Defendant's motion to dismiss or, in the alternative, motion for summary judgment on Count II of the complaint. (ECF No. 35.) The facts set forth in the Court's recent opinion (Aug. 12, 2011, ECF No. 38) will not be repeated here. The motion has been briefed by the parties (ECF Nos. 37 & 39), and no hearing is required, Local Rule 105.6. The motion will be granted because Count II fails to state a claim for relief.

## I. *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 1950. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555.

*II. Analysis*

In Count II of their complaint, John and Deborah Pucci alleged Defendant Annapolis Sailyard violated the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.* (LexisNexis 2005), by making misrepresentations as to "the costs Defendant would bear or had borne resulting from the Puccis' anticipated (and later, actual) failure to take delivery of the *Centennial Dream.*" (Compl. ¶ 27, ECF No. 1.) Further, the Puccis alleged they "suffered damages as a result of Defendants' [sic] unfair and deceptive trade practices." (*Id.* ¶ 28.) They do not specify what damages resulted from this allegedly wrongful conduct; they only request the return of their deposit on the boat. (*Id.* at 5, ¶ 1.)

The MCPA authorizes an action for damages by providing that any person may bring such an action "to recover for injury or loss sustained by him as the result of a practice prohibited by this title." Md. Code Ann., Com. Law § 13-408. The Puccis alleged "Defendant, in connection with the sale of consumer goods, engaged in unfair or deceptive trade practices including, but not limited to, false or misleading oral or written statements which had the capacity, tendency, or effect of deceiving or misleading consumers," which would be a violation of section 13-301(1), "and/or a misleading failure to state a material fact . . . ," which would be a violation of section 13-301(3). The MCPA prohibits any of the unfair or deceptive trade practices enumerated in section 13-301 *in the sale* of any consumer goods. Section 13-303(1).

However, the Puccis are alleging that *after* the contract of sale had been finalized and the boat had been ordered, Annapolis Sailyard made misrepresentations to them about the extent of the damages it would suffer if the Puccis reneged on their commitment to purchase the boat. They do not allege that any misrepresentation induced them to enter into the contract of sale. The Maryland Court of Appeals has interpreted the MCPA by concluding that a misrepresentation or omission must be material, i.e., it must be "'information that is important to

consumers and, hence, likely to affect their choice of . . . a product.'" *Luskin's Inc. v. Consumer Protection Div.*, 627 A.2d 702, 713 (Md. 1999) (adopting Federal Trade Commission's description of requisites of materiality). It is clear that anything said by Annapolis Sailyard subsequent to the signing of the contract did not affect the Puccis' "choice of a product." *See also Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 417 (D. Md. 2001) (alleged misrepresentations in owner's manual were not basis of consumer's bargain when consumer did not read manual until after purchase was made; consequently, no violation of MCPA occurred).

To counter the obvious deficiency in their pleading, the Puccis contend that Defendant's statements are within the scope of the MCPA because the statute covers misrepresentation "in connection with . . . [t]he subsequent performance of a merchant with respect to an agreement of sale . . . ," section 13-301(9). (Pls.' Opp. 7, ECF No. 37.) Therefore, to continue with their argument, Defendant's alleged misrepresentations about the damages it would incur because of the Puccis' breach of contract were in connection with Defendant's subsequent performance with respect to their contract. This strained interpretation is not supported by citation to any Maryland case law. Nor is it logical. The Court interprets section 13-301(9)'s language of "subsequent performance" to embrace Defendant's performance of its contractual duties, not its reaction to the Puccis' anticipatory breach and later breach of that contract. Defendant cites a case that supports the Court's interpretation. In *Smith v. Att'y Gen. of Maryland*, 415 A.2d 651 (1980), the Maryland Court of Special Appeals reviewed the lower court's factual findings in relation to section 13-301(9) and determined that Smith, the appellant and owner of a furniture store, was properly held to account for the store's repeated failures to perform its duty of delivery of furniture pursuant to consumers' sales contracts. 415 A.2d at 657. The further finding that the store owner knew the store would not be able to keep its promises made at the time that consumers entered into their sales contracts was the basis for concluding Smith had engaged in

an unfair or deceptive practice pursuant to section 13-301(9).  *Id.*  The Puccis have not alleged a failure by Defendant to perform a contractual duty subsequent to the formation of the sales contract; they only fault Defendant's reaction to their breach of it.  That is clearly not what the MCPA was designed to address.

## III.  Conclusion

Count II of the complaint fails to state a claim for relief.  A separate order will be entered dismissing it.

What is left in this case is a simple claim for breach of contract, which is all that this case should entail - - nothing more and nothing less.

DATED this 24th day of August, 2011.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge
